UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MARCHANT ROBINSON | ) | |
| | ) | |
| v. | ) | 1:06-cv-101\1:04-cr-23 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Marchant Robinson ("Robinson"), has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1).[1] Robinson contends he was deprived of his right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. The United States opposes the motion (Court File No. 5). Robinson has also filed a motion for summary judgment (Court File No. 8).[2]

After reviewing the record, the Court concludes Robinson's § 2255 motion, as well as his motion for summary judgment will be **DENIED** (Court File Nos. 1, 8). The record conclusively shows Robinson is not entitled to any relief under 28 U.S.C. § 2255.

**I.   Non-Despositive Motion**

Robinson filed a document which he entitled Amendment to Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Correct Sentence W/Affidavit of Truth in Support (Court File No. 7). In addition to being time-barred—it was filed approximately three years after his criminal judgment

---

[1] Each document will be identified by the Court File Number assigned to it in the civil case. Any reference to a document in the underlying criminal case will be referred to as (Crim. Court File No.  ).

[2] Robinson's one-half page motion for summary judgment does nothing more than state that no controversy exists (Court File No. 8).

became final—this document is nonsensical[3] and provides no new information to support or supplement any of the ineffective assistance of counsel claims he raised in his timely filed § 2255 motion; thus, it does not relate back to his timely filed § 2255 motion. Although the motion to amend is subject to equitable tolling principles, Robinson presents no basis for equitable tolling. Since Robinson has failed to offer any explanation for the delay, the Court finds he has failed to demonstrate equitable tolling is appropriate in his case and the motion to amend will be **DENIED** as time-barred (Court File No. 7).

## II. Standard of Review

### A. *28 U.S.C. § 2255*

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence, to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. The movant has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir.

---

[3] For example, the document includes a section entitled "plain statement of facts" wherein Robinson claims "[t]hat, *truth* is sovereign[,] . . . fraud in its beginning, does not become valid by the lapse of time[,] . . . *Affiant* has never waiver[ed] any right(s) or defense to know the assessment of the charge(s) and to know whether or not the case(s) were in fact bonded, . . *Affiant* reserves the right not to be compelled to perform under any admiralty/maritime contract(s) or commercial agreement(s) that *Affiant* did not enter into knowingly, willingly, voluntarily, intentionally and intelligently[,] . . ." along with other claims that do not pertain to his original § 2255 motion. Robinson also claims, without providing any factual support, that trial counsel confessed to providing him with ineffective assistance of counsel.

1977), *cert. denied*, 436 U.S. 910 (1978); *Mayes v. United States*, 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude that it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.), *cert. denied*, 531 U.S. 884 (2000); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001), *cert. denied*, 535 U.S. 967.

    B.    *Summary Judgment*

Pursuant to Fed. R. Civ. P. 56, summary judgment will be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. "Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on filed, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Johnson v. Turner*, 125 F.3d 324, 332 (6th Cir. 1997) (quoting Fed. R. Civ. P. 56(c)). The burden is on the moving party to conclusively show no genuine issue of material fact exists, and the Court must view

the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280-81 (6th Cir. 1997); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

**III.    Procedural History**

On January 27, 2004, a federal grand jury for the Eastern District of Tennessee at Chattanooga, named Robinson in a single-defendant, three-count indictment charging him with one count of Felon in Possession of a Firearm, one count of Possession of in Excess of 5 Grams of Cocaine Base with Intent to Distribute, and one count of Possession of a Firearm in Relation to Drug Trafficking (Crim. Court File No. 1). On November 10, 2004, Robinson entered guilty pleas to Counts Two and Three of the Indictment without benefit of a plea agreement. Specifically, Robinson pleaded guilty to possessing with intent to distribute in excess of five grams of a mixture and substance containing cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Two), and knowingly possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(I) (Count Three) (Crim. Court File No. 26).

Robinson was sentenced to the custody of the Bureau of Prisons for 120 months on Count Two and 60 months on Count Three and the sentences were ordered to be served consecutively for an effective sentence of 180 months; a supervised release period of eight years; and assessed a $200.00 special assessment. Judgment was entered on March 16, 2005 (Crim. Court File No. 29). Robinson filed his notice of appeal on March 18, 2005, but it was dismissed on May 12, 2005, pursuant to Robinson's request for voluntary dismissal. Thus, it appears the judgment became final

4

on May 12, 2005. *See United States v. Cottage,* 307 F.3d 494, 498 (6th Cir. 2002) ("As a general matter, a conviction becomes final for purposes of collateral attack at the conclusion of direct review."); *see also United States v. Sylvester*, 2006 WL 695796, at *3 (M.D. Pa. Mar. 17, 2006) (concluding a voluntary dismissal of an appeal renders a petition for a writ of certiorari unavailable, and thus the judgment of conviction would be final at the point of the voluntary dismissal of the appeal); *cf. United States v. Shunk*, 113 F.3d 31, 35 (5th Cir. 1997) ("The Shunks' convictions became final in 1992, when they withdrew their direct appeal . . . "). On April 11, 2006, Robinson timely filed this § 2255 motion (Court File No. 1).

**IV.    Facts**

The Presentence Investigation Report ("PSR") described the following offense conduct:

> 6.      On February 10, 2003, Chattanooga Police conducted an investigative stop of the defendant's vehicle after receiving information from a Confidential Informant (CI) that the defendant was selling cocaine from his residence in Room 222, at the Hamilton Inn, located at 2717 Rossville Boulevard, Chattanooga, Tennessee. The CI purchased one baggie (approximately 2.2 grams) of crack cocaine for $100 earlier that same day from Mr. Robinson. After receiving the information, police surveilled the defendant's residence and observed numerous people coming and going from his room. The police then observed the defendant drive away in a late model Dodge Intrepid and stopped him. Upon conducting a registration check, they learned he was driving a rental car. Officers asked the defendant to get out of the vehicle and they performed a pat down, revealing $633 in cash inside the defendant's left front pant's pocket. An officer spoke briefly to the defendant, and the defendant admitted to having narcotics inside his residence. The defendant signed a consent to search form.
>
> 7.      During the search of the defendant's room, officers found 42.3 grams of crack cocaine and a loaded Tauras .357 revolver under a pillow on the bed. They discovered two boxes of ammunition in a shoe box on top of the dresser, and 3 grams of marijuana on top of the night stand. The defendant was advised of his Miranda rights, and waived them. He made statements to investigators that he possessed the crack and firearm with the intent to distribute the crack cocaine.

(Presentence Investigation Report ("PSR") p. 4).

## V. Analysis of Claims

Robinson raises four instances of alleged ineffective assistance of counsel in his § 2255 motion which the Court will address after reviewing the law applicable to ineffective of assistance of counsel claims.

All of Petitioner's claims rest on allegations of ineffective assistance of counsel. The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance

6

must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires the petitioner to show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697.

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Court held the two-part *Strickland* test is applicable in the context of guilty pleas. Therefore, the defendant must show defense counsel's representation fell below an objective standard of reasonableness and there was a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id*. at 370-71. To demonstrate a reasonable probability that he would have gone to

7

trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir.1995) ("A defendant alleging ineffective assistance of counsel in the guilty plea context must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial."), *cert. denied*, 516 U.S. 1058 (1996); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir.1994), *cert. denied*, 514 U.S. 1071 (1995); *Key v. United States*, 806 F.2d 133, 139 (7th Cir. 1986) (merely making a claim that he would have pleaded differently and gone to trial is insufficient); *United States v. Campbell*, 778 F.2d 764, 768 (11th Cir. 1985) (bare allegation that defendant would not have pleaded guilty if her trial counsel had advised her properly is not sufficient to establish prejudice under Strickland).

As an initial matter, the Court observes Robinson has failed to meet the prejudice prong as to any of his four claims of ineffective assistance of counsel because he has failed to allege, much less demonstrate, a reasonable probability he would have gone to trial but for counsel's alleged errors. Thus, Robinson has failed to demonstrate any resulting prejudice as a result of counsel's alleged ineffective assistance. Furthermore, as explained below, Robinson has failed to demonstrate counsel was ineffective.

### 1. *Mandatory Minimum Sentencing Provisions*

First Robinson contends counsel failed to explain the nature of the enhancement which led to a mandatory sentence and counsel "never explained to me I had the right to challenge my 851 base[d] on prior convictions." In addition, Robinson claims counsel "never advised me I could challenge the firearm charge in furtherance of a drug trafficking crime[.]" (Court File No. 1, p. 5). The Court will address these two arguments separately.

8

### *a.  Prior Conviction*

Robinson contends counsel failed to advise him he could challenge the prior conviction the government intended to use to seek enhancement of his sentence. Pursuant to 21 U.S.C. § 851, the government, prior to the entry of his pleas, provided Robinson written notice of its intent to seek enhancement of his sentence under 21 U.S.C. § 941(b)(1)(B) as a result of his 1998 felony drug conviction (Crim. Court File No. 23). During his rearraignment, Robinson was advised that because of his prior felony drug conviction, he was facing a mandatory term of imprisonment of 10 years up to life (Rearraignment Transcript ("RT") p. 6).

As a preliminary matter, the Court agrees with the government that the statute bars Defendant's attempt to attack the validity of his November 1998 conviction. Title 21 U.S.C. § 851(e) prohibits a collateral attack on a conviction "which occurred more than five years before the date of the information alleging such prior conviction." In the instant case, Robinson's prior conviction was imposed on November 12, 1998, and the Notice regarding punishment was filed on September 1, 2004. Therefore, this claim is barred. *See* 18 U.S.C. § 851(e); *United States v. Reed*, 141 F.3d 644, 651-52 (6th Cir. 1998) (finding 21 U.S.C. § 851(e) constitutional and defendant was time-barred under that provision).

However, assuming for the sake of discussion the claim is not barred, and accepting Robinson's allegation counsel failed to advise him he could challenge the statutory enhancement under § 851 as true, he is not entitled to any relief under § 2255 because he cannot demonstrated he suffered any prejudice as a result of the omission. This is so for several reasons. First, Robinson was notified he could challenge the prior conviction in the Presentence Investigation Report ("PSR"). Specifically, the PSR stated:

9

65. Statutory Provisions: For Count Two, the minimum term of imprisonment is 10 Years with a maximum term of LIFE, pursuant to 21 USC. §841(b)(1)(B)[ENHANCED] because the offense involved more than 5 grams of cocaine base (the defendant can be attributed with 44.5 grams of cocaine base) and he has one prior felony controlled substance conviction. On Count Three, the minimum term of imprisonment is a mandatory and consecutive minimum of 5 years to a maximum of LIFE, pursuant to 18 U.S.C. §924(c)(1)(A)(I).

66. When the U. S. Attorney files an information with the court alleging prior convictions, for the purpose of enhancing the defendant's sentence under 21 U.S.C. § 851, the court shall, after conviction but before pronouncement of sentence, inquire of the defendant whether the defendant affirms or denies the convictions, and shall inform the defendant that any challenge which is not made before sentence is imposed may not be raised thereafter. In this case the government alleges the following prior convictions: "On November 12, 1998, the defendant was convicted by a plea of guilty under Docket Number 219841 for Possessing Cocaine for Resale, a Class B felony, in the Criminal/Circuit Court of Hamilton County, Tennessee, in the 11th Judicial District of Tennessee. He was sentenced to eight (8) years for this offense."

(PSR p. 16-17).

In addition, the Court informed Robinson of his right to make an objection to his prior conviction. Specifically, the record reflects a colloquy between Robinson and the Court about the consequences of his guilty plea and the possible sentence he was facing. Robinson admitted the prior conviction was his and acknowledged that he understood he could challenge the conviction at that time:

> THE COURT: Mr. Robinson, there is a possession of cocaine for resale conviction that's reflected in Paragraph 31. Let me inquire of you at this point whether you agree that that is in fact your prior conviction?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Let me also inform you that any challenge to that conviction that is not raised prior to the imposition of sentence may not be raised thereafter. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

Therefore, Robinson was advised he could challenge the prior conviction. Robinson,

10

however, admitting the prior conviction was his, did not challenge the conviction prior to imposition of his sentence.

Nevertheless, assuming the claim is not barred under 21 U.S.C. § 851(e) and counsel was deficient for failing to advise Robinson he could object to the statutory enhancement under § 851, Robinson has failed to present any theory upon which this Court could consider his prior felony drug conviction to be invalid due to a constitutional error. *See United States v. Layne*, 192 F.3d 556, 576-77 (6th Cir. 1999) (Layne did not demonstrate his prior drug convictions were constitutionally invalid, thus use of them for enhancement purposes under § 851 was not error). In addition, there is nothing in the record that leads the Court to conclude Robinson has a basis for a meritorious collateral attack under § 851. Robinson fails to contend the underlying conviction supporting the notice was not a qualifying prior drug offense nor does he allege any basis for challenging the prior conviction. Thus, he has failed to demonstrate he suffered any prejudice as the result of counsel's alleged omission.

Accordingly, Robinson is not entitled to any relief on this claim.

### b. *Failure to Challenge § 924(c) Charge*

Robinson claims counsel failed to advise him he could challenge Count Three of the indictment *i.e.*, possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). As explained below, even assuming this allegation is true, Robinson is not entitled to any relief because he was not prejudiced by this alleged omission.

During the rearraignment proceedings, Robinson was advised he had the right to have the prosecution prove, and a jury find, every element of Count Three—possession of a firearm in furtherance of a drug trafficking offense—against him beyond a reasonable doubt; and, that by

11

entering a plea of guilty, he was giving up his constitutional right to a jury trial in addition to other specified rights (RT. p. 3-4). Thus, the Court advised Robinson he had the right to challenge the § 924(c) count of the indictment. In addition, Robinson advised the Court he understood what he was pleading guilty to in relation to the § 924(c) count of the indictment, and Robinson was informed that, if he pleaded guilty to the firearm offense, he would be subject to a statutory mandatory consecutive five-year sentence (RT, p. 6-7).

Clearly, the record reflects Robinson entered a voluntary and knowing plea to the § 924(c) count of the indictment after being informed he could challenge the charge, proceed to a jury trial, and, that if he pleaded guilty to the firearm offense, he would be subject to a statutory mandatory consecutive five-year sentence. In addition, Robinson has not presented a defense to the § 924(c) charge or presented any allegation of prejudice. During his rearraignment proceeding, Robinson agreed the government's factual basis was true and correct. Specifically, Robinson agreed he had crack cocaine in his motel room and that a loaded .357 revolver was found under a pillow on the bed. Additionally, Robinson agreed he told law enforcement he possessed the crack and firearm with the intent to distribute crack (Crim. Court File No. 24).

Consequently, even assuming counsel failed to advise Robinson he could challenge the § 924(c) count of the indictment, Robinson has failed to demonstrate the alleged omission resulted in any prejudice to him. The record reflects the Court properly advised Robinson of the elements of the charges against him, as well as his rights to proceed to trial and challenge the gun possession charge. Thus Robinson was informed of his constitutional rights, including his right to challenge the § 924(c) count, all of which he voluntarily and knowingly waived. Looking at the totality of the circumstances surrounding the plea, including Robinson's declaration of guilt *i.e.,* his

acknowledgment to law enforcement he possessed the firearm and crack with the intent to distribute the crack, the Court has no doubt he was advised of, and understood, he had the right to proceed to a jury trial and challenge the § 924(c) count of the indictment.

Additionally, the record does not reflect the prosecution would have been unable to prove the charges against Robinson or that he could present a legitimate defense to the charge. Indeed, Robinson has not referred to, and this Court is unable to discern from the record, any arguably meritorious grounds on which to challenge the § 924(c) count of the indictment. Therefore, Robinson is unable to demonstrate he was prejudiced by counsel's alleged omission to advise him he could challenge the § 924(c) charge. Accordingly, Robinson is not entitled to any relief on his claim that counsel was constitutionally ineffective for failing to advise him he could challenge the § 924(c) count of the indictment.

### 2. *Suppression Hearing*

Robinson's last three issues deal with counsel's alleged ineffectiveness in relation to the motion to suppress. Because these claims are intertwined, the Court will address them together. First, Robinson claims counsel was not informed prior to the suppression hearing the government would present evidence that a CI made a controlled buy from him prior to his arrest. This allegation is incorrect because, as explained below, the government's response, which was filed at least one week prior to the hearing on Robinson's suppression motion, discussed the CI (Crim. Court File No. 14).

Second, Robinson contends counsel was ineffective for failing to request a continuance so she could investigate this new evidence. As explained below, this was not new evidence since it was included in the response to the suppression motion; thus there was no need to request a continuance.

13

Finally, Robinson, without providing any factual support, claims counsel was deficient for failing to argue law enforcement lacked a proper basis to initially stop him and the prosecution failed to disclose all of the evidence it had against him. As explained below, Robinson has failed to demonstrate law enforcement lacked probable cause to stop him; and, he has neglected to identify or inform the Court of the alleged undisclosed evidence.

> *a. Failure to Disclose CI Prior to Suppression Hearing and Counsel's Failure to Request a Continuance*

Robinson asserts the government failed to disclose that a CI was involved prior to the hearing on the suppression motion, and counsel was ineffective for failing to request a continuance so she could investigate the CI. Initially the Court observes Robinson's counsel filed a motion to suppress which included the allegation that law enforcement conducted their investigation after receiving information Robinson was involved in selling crack cocaine. Counsel acknowledged in the motion that she was unable to determine whether the information came from an informant or another police officer. The government's response to the suppression motion, however, clearly stated an informant told law enforcement that Robinson, who the CI claimed was armed with a pistol, was selling crack cocaine from his motel room. The response further explained law enforcement made a monitored undercover controlled purchase of crack cocaine from Robinson in his motel room. Therefore, prior to the suppression hearing, counsel was informed, by the government, that it would present evidence of a CI and a controlled purchase of crack cocaine.

Accordingly, the record reflects Robinson is mistaken when he asserts the government failed to disclose, prior to the suppression hearing, that a CI was involved in a controlled drug buy with him. Robinson is not entitled to any relief under § 2255 on this claim.

14

Turning to Robinson's claim that counsel was ineffective when she failed to request a continuance to investigate the CI, the Court concludes Robinson is not entitled to any relief on this claim because he has not identified how additional time or further investigation would have revealed exculpatory evidence and altered the result of the suppression motion proceeding or his criminal case. Thus, he has not demonstrated he suffered any prejudice as the result of counsel's alleged omission.

In sum, the record reflects counsel was notified prior to the suppression hearing that a CI was involved in this case, and there is nothing before the Court demonstrating counsel was deficient for failing to request a continuance to investigate this evidence (Crim. Court File No. 14). Accordingly, § 2255 relief is not warranted on either of these two claims.

         *b.*       *Fourth Amendment Violation*

Robinson claims counsel was ineffective because she failed to argue law enforcement lacked a proper basis to stop him. Robinson is simply incorrect. Defense counsel made essentially the same claim at the suppression hearing *i.e.*, law enforcement lacked reasonable suspicion to stop Robinson's vehicle and the officers exceeded the scope of the stop (Crim. Court File No. 11; Court File No. 6).

The Fourth Amendment prohibits "unreasonable searches and seizures" by the Government. U.S. Const. amend. IV. Its protections cover probable cause stops as well as brief investigatory stops of person or vehicles that fall short of traditional arrest. *Terry v. Ohio*, 392 U.S. 1, 9 (1968). The United States Supreme Court has concluded that in relation to investigatory stops, the Fourth Amendment is satisfied if law enforcement's actions are supported by reasonable suspicion that criminal activity may be afoot. *United States v. Sokolow*, 490 U.S. 1, 7 (1989). The Supreme Court

15

has instructed that when evaluating whether an officer has reasonable suspicion of criminal activity, reviewing courts must look at the "totality of the circumstances" to see whether law enforcement has a "particularized and objective basis" for suspecting the detainee is involved in criminal activity. *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citing *United States v. Cortez*, 449 U.S. 411, 417-18 (1981).

Detective Philip Narramore and Detective Lee Wolfe of the Chattanooga Police Department presented testimony at the suppression hearing. The officers testified they arranged for a controlled undercover purchase of crack cocaine from Robinson in his motel room after receiving information from a CI that he was selling crack cocaine out of his motel room.

Detective Wolfe met the informant, checked the informant and the informant's vehicle, gave the informant marked money to make the controlled purchase, and followed the informant to Robinson's motel. The officers observed the informant go into the room and when he came out, the detective followed him to a designated location, at which time he received a baggy of crack cocaine from the informant and rechecked the informant and his vehicle (RT, p. 25-26).

In addition, the officers testified they observed several people arriving at the motel room and leaving after only staying for a few minutes, which is consistent with drug trafficking. When they ran a check on Robinson's vehicle they learned it was a rental car which had been rented by someone other than Robinson, and that Robinson was not authorized to drive it. The officers observed Robinson leave the motel room shortly after the controlled buy, carrying a bag and then driving away in the rental vehicle which was not leased to him. The officers followed him in an unmarked police car to another location known as a "drug house," where he stayed a brief period of time. After leaving the "drug house," the marked patrol car the undercover officers had called,

16

arrived and stopped the rental vehicle driven by Robinson. The officer requested Robinson to exit the vehicle and, when he did, they performed a pat-down search revealing $633.00 in cash in the defendant's left front pocket. Robinson signed a consent to search his motel room wherein law enforcement found 42.3 grams of crack and a loaded Taurus .357 revolver under a pillow on the bed. Two boxes of ammunition in a shoe box was discovered on top of the dresser and 3 grams of marijuana was found on top of the night stand.

After conducting the suppression hearing, the Magistrate Judge issued a Report and Recommendation (Crim. Court File No. 18). The Magistrate Judge recommended denial of the motion after concluding law enforcement had probable cause to believe Robinson had sold crack cocaine when they arrested him and therefore constitutionally stopped and searched him incident to an arrest (Crim. Court File No. 18). In addition, the Magistrate Judge rendered an alternative finding that the officers had justification to conduct an investigative stop and had a reasonable belief, based on specific and articulable facts (the CI stated Robinson had a pistol) that Robinson was armed and dangerous; thus they had authority to stop and search him.

The record reflects there was ample evidence to support the stop and Robinson has not presented any facts to undermine the finding of probable cause. The evidence reflects the officers had probable cause to stop, arrest, and search Robinson. Robinson has neither alleged nor presented any proof or facts that exculpate him or undermine the reliability of the testimony presented by Detective Narramore and Detective Wolfe. Thus, not only has Robinson failed to present any evidence of any deficiency by counsel in the investigation of this case, he has failed to present any evidence indicating he was prejudiced as a result of counsel's conduct in preparation of, and during, the suppression hearing. Robinson has not indicated what counsel should have done to alter the

17

outcome of the suppression hearing. There is no claim that any favorable evidence would have been discovered through investigation that would undermine the magistrate judge's finding of probable cause, or how further investigation would have altered the ruling on the suppression motion. Consequently, not only has Robinson failed to demonstrate counsel was deficient, but he has failed to demonstrate he suffered any prejudice.

Robinson also made a factually unsupported claim the government failed to disclose all of the evidence it had against him. Robinson does not identify the alleged evidence nor explain how the alleged evidence would exculpate him or change the outcome of the suppression hearing or his federal criminal case. Thus, Robinson has failed to make a claim upon which relief can be granted.

Accordingly, Robinson is not entitled to any relief on his claims that counsel was constitutionally ineffective in relation to preparation for the suppression hearing or that the government failed to disclose all of the evidence it had against him.

## VI. Conclusion

Accordingly, Robinson has failed to establish a plausible claim that would warrant an evidentiary hearing. *See United States v. Tarricone*, 996 F.2d 1414, 1417-18 (2nd Cir. 1993) (noting that to prevail on a motion for hearing, petitioner must establish he has a plausible claim). For the reasons explained above, Robinson's conviction and sentencing are not in violation of the Constitution or laws of the United States. Accordingly, Robinson's claims do not entitle him to § 2255 relief and his § 2255 motion and supplement will be **DENIED WITH PREJUDICE** (Court File Nos. 1 & 2). Therefore, Robinson's motion for summary judgment lacks merit and will be **DENIED** (Court File No. 8) and this action will be **DISMISSED**.

A separate judgment order will enter.

                **/s/**
                **CURTIS L. COLLIER**
                **CHIEF UNITED STATES DISTRICT JUDGE**